IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CAROLE DENISE BOLES**                                                                                   **PLAINTIFF**

v.                              Case No. 4:20-cv-00710-KGB

**LINDSEY MANAGEMENT CO., INC. and
THE LINKS AT CADRON VALLEY
APARTMENTS MANAGEMENT
COMPANY, INC.**                                                                                          **DEFENDANTS**

## ORDER

Before the Court is the parties' joint motion for protective order (Dkt. No. 19). For good cause shown and pursuant to Rule 26(ca) of the Federal Rules of Civil Procedure, the Court grants the motion and enters the parties' stipulated protective order. *See* Court's Exhibit A.

It is so ordered this 1st day of November, 2021.

_____
Kristine G. Baker
United States District Judge

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CAROLE DENISE BOLES**                                                        **PLAINTIFF**

v.                                         4:20-cv-00710-KGB

**LINDSEY MANAGEMENT CO., INC.;**
**THE LINKS AT CADRON VALLEY**
**APARTMENTS MANAGEMENT**
**COMPANY, INC.**                                                              **DEFENDANTS**

### PROTECTIVE ORDER

This Protective Order governs the parties to this action and their lawyers, as well as others identified in this Protective Order, as follows:

1. All materials and copies, transcriptions, or other reproductions of materials (hereinafter "Materials") produced in this action by any party or non-party (hereinafter "producing party") that contain, describe, identify, or refer to trade secrets, proprietary information, sensitive financial or personal information, competitively sensitive information, information that would cause annoyance or embarrassment to the producing party or nonparty, information that is protected by statute, or information the unrestricted disclosure of which may cause harm to the producing party, may be stamped "CONFIDENTIAL" by the producing party and, if so stamped, will be subject to the provisions of this Protective Order.

2. Access to Materials designated as "CONFIDENTIAL" shall be limited to the parties, attorneys for the parties and their associates and staff, experts retained by or assisting attorneys in connection with this case, third-party vendors contracted by counsel for the parties, witnesses offered by a party for deposition, non-party witnesses subpoenaed for deposition, court reporters in connection with the taking of depositions or other transcription of designated information, and the Court and its personnel. Before disclosing information designated as

FEC\37718\0003\8528558.v1-5/20/21

Court's EXHIBIT A

"CONFIDENTIAL," the receiving party must execute a Declaration in the form attached hereto as **Exhibit A**. The Court, its personnel, the parties, and their attorneys are not required to execute a Declaration in the form of Exhibit A. Disclosure to persons authorized under this Protective Order will not constitute a violation of or a waiver of the protections afforded by this Protective Order.

3. A lawyer who discloses Materials designated as "CONFIDENTIAL" pursuant to the preceding paragraph must maintain each Declaration executed by third party vendors and experts to whom that lawyer has disclosed Materials designated as "CONFIDENTIAL."

4. The inadvertent production, without designation as "CONFIDENTIAL," of a document, thing, information, or deposition testimony intended to be designated or that should have been designated "CONFIDENTIAL" shall not waive the right to so designate such document, thing, information, or deposition testimony. Any confidential Materials that are inadvertently not designated as confidential Materials when produced shall, upon written request of the producing party, thereafter be treated as confidential under this Protective Order.

5. A lawyer for a party who wishes to challenge the "CONFIDENTIAL" designation made by the producing party of any Materials must first attempt in good faith to confer with lawyers for the producing party in an effort to resolve the issue amicably. If agreement cannot be reached, the challenging party may file a motion asking the Court to remove the designation. The motion should describe with reasonable specificity the particular Materials for which the designation is being challenged and set forth with reasonable specificity why the Materials are not properly designated as "CONFIDENTIAL." Materials designated as "CONFIDENTIAL" will continue to be treated as such and subject to the provisions of this Protective Order pending determination by the Court of the merits of any such challenge.

6. Materials designated as "CONFIDENTIAL" shall be kept confidential in accordance with this Protective Order and may be used only for this action and for no other action

or purpose. Materials (including the substance or content thereof) designated as "CONFIDENTIAL" may not, without leave of this Court, be disclosed to or discussed with any person or entity other than this Court (under seal) except as stated in this Protective Order.

7. Nothing in this Protective Order shall restrict any use by a producing party of its own "CONFIDENTIAL" Materials.

8. Any Confidential Materials disclosed in any pleading, motion, deposition transcript, brief, exhibit, or other filing with the Court shall be maintained under seal. To the extent such Confidential filing is capable of redaction, the redacted version of the document is to be filed on the public docket, with the unredacted version delivered in hard copy to the Clerk's Office for filing under seal. The redacted version of a confidential filing may include, when necessary, slip sheets appropriately labeled "UNDER SEAL" to indicate the exhibits or other materials that have been omitted in their entirety from the public filing.

9. If Materials designated as "CONFIDENTIAL" are to be identified, discussed, or disclosed during a deposition taken in this action of any person or entity other than those persons or entities described in paragraph 2 above, the deponent must acknowledge on the record, before any identification, discussion or disclosure of Confidential Materials occurs, that he or she has been advised of and has agreed to be bound by the terms of this Protective Order.

10. A party may designate as "CONFIDENTIAL" portions of any deposition transcript wherein Materials designated as "CONFIDENTIAL" are identified, discussed, or disclosed. Portions of a deposition transcript so designated will be subject to the terms of this Protective Order. The designation must be made on the record during the deposition or by letter sent electronically to opposing counsel within five (5) business days after receipt of the transcript. The portions of a deposition transcript that mention or discuss Materials designated as "CONFIDENTIAL" must be treated accordingly and therefore subject to this Protective Order

until 5:00 p.m. Central Time on the fifth day after receipt of the transcript. All portions of the deposition transcript not designated as "CONFIDENTIAL" by 5:00 p.m. Central Time on the fifth business day after receipt of the transcript are excluded from the protections of this Protective Order.

11. A non-party who raises a confidentiality objection to providing documents and/or deposition testimony in connection with this action shall be provided with a copy of this Protective Order and notified of the opportunity to agree to be bound by the provisions of this Protective Order and designate materials in accordance with this Protective Order. A third party who elects to be bound by the terms of this Protective Order may invoke such protection by notifying counsel for all parties in writing.

12. This Protective Order will be binding until this action is finally concluded, for so long as the confidentiality or privacy of Materials designated as "CONFIDENTIAL" would be protected by statute, or to the extent any agreed settlement might include a confidentiality provision, whichever is longer. The action will be regarded as finally concluded when a final order has been entered by the Court fully disposing of all matters raised in the case, with all appeals either exhausted or barred by applicable deadlines, or by an agreed settlement and a dismissal with prejudice. The foregoing notwithstanding, this Protective Order shall continue in effect, in all events, until the return or destruction of confidential Materials has been made, as required in paragraph 13 hereof. Additionally, this Protective Order shall be deemed to preclude any party, entity, individual, or attorney or representative of any of them from discussing or disclosing the substance or content of any confidential Materials at any time, without limitation, except as permitted by this Protective Order.

13. Within sixty (60) days after final conclusion of this action, all lawyers then having possession, custody or control of Materials designated as "CONFIDENTIAL" by the producing

party must destroy or return those items and must, upon request by the producing party, verify that all such items have been destroyed or returned to the producing party, and that no copies have been retained by the lawyer's clients, by expert witnesses or other witnesses, by staff employed by the lawyer, or by any other person or entity with whom the lawyer has shared such confidential Materials. Nothing in this paragraph prevents a receiving party or nonparty from retaining work product containing designated information it received.

14. Nothing in this Protective Order shall be deemed to compel production of any documents, data, or other information, nor to preclude a party from seeking additional protection for Materials designated as "CONFIDENTIAL" or from otherwise seeking a modification of this Protective Order.

IT IS SO ORDERED this 1st day of November, 2021.

*Kristine G. Baker*
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE

5

**PLAINTIFF CAROLE DENISE BOLES**

McDANIEL, WOLFF & BENCA, PLLC
1307 West 4th Street
Little Rock, AR 72201

/s/_____
Scott P. Richardson
Ark. Bar No. 2001208
scott@mwbfirm.com


Laura L. Calhoun
Ark. Bar No. 2011134
HODGE CALHOUN GIATTINA, PLLC
711 West Third Street
Little Rock, AR 72201
laura@hcglawoffice.com


**DEFENDANTS LINDSEY MANAGEMENT CO., INC.**
**THE LINKS AT CADRON VALLEY APARTMENTS**
**MANAGEMENT COMPANY, INC.**


FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201
Telephone: (501) 370-1526
Telephone: (479) 695-6040
Facsimile:  (501) 244-5382

*/s/ Michael S. Moore*_____
Michael S. Moore
Ark. Bar No. 82112
mmoore@fridayfirm.com

Katherine C. Campbell
Ark. Bar No. 2013241
kcampbell@fridayfirm.com

**EXHIBIT A**

**DECLARATION OF ______________________**

1. My name is _________________________. I am over the age of 18 years and am a resident of _____________ County, ______________.

2. I am aware that a Protective Order has been entered in *Carole Denise Boles v. Lindsey Management Co., Inc.; The Links at Cadron Valley Apartments Management Company, Inc.,* U.S.D.C. (E.*D. Ark.*) Case No. 4:20-cv-00710-KGB, which is pending in the United States District Court for the Eastern District of Arkansas, Central Division. A copy of that Protective Order has been shown to me, and I have read and understand its contents.

3. By signing this Declaration, I promise that I will use the Materials and contents of the Materials designated "CONFIDENTIAL" pursuant to the above-described Protective Order solely for the purpose of assisting counsel for a party to the above-described civil action in the adjudication of that action and for no other purpose.

4. By signing this Declaration, I also promise that I will not communicate, disclose, discuss, identify, or otherwise use Materials or the contents of Materials designated "CONFIDENTIAL" pursuant to the above-described Protective Order with, to, or for any person or entity other than the Court, a party to the above-described civil action, counsel for a party to the above-described civil action, including other counsel, paralegals, and clerical-staff employed in his or her office, persons permitted by the above-described Protective Order to attend depositions taken in the above-described civil action, and persons or entities assisting such counsel who have executed a declaration in the same form as this Declaration.

5. By signing this Declaration, I also promise that I will not copy, transcribe, or otherwise reproduce, or cause to be copied, transcribed, or otherwise reproduced, by any means whatsoever, any Materials or the contents of any Materials designated "CONFIDENTIAL"

pursuant to the above-described Protective Order except to the extent to which I am directed to do so by counsel for a party to the above-described civil action, in which case all such copies, transcriptions, or reproductions shall be made solely for my own use in connection with my work in the above matter.

6. I further promise at the conclusion of this case to deliver upon request all Materials (originals and copies) designated "CONFIDENTIAL" to the counsel who originally directed that said Materials be provided to me. I understand and agree that I am bound not to disclose or discuss the substance or content of any confidential Materials received by me, except with counsel in the above-referenced case and subject to the restrictions of the Protective Order. I further understand and agree that my obligation to maintain confidentiality of all confidential Materials continues indefinitely and does **not** cease to exist when the above-referenced lawsuit is finally concluded.

6. I understand that, by signing this agreement, I am agreeing to be bound by the terms of the Protective Order and I subject myself to the jurisdiction of this Court.

_____
Name

_____
Signature

_____
Date